UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NILE FRASE,
an individual,

    Plaintiff,

CASE NO:

vs.

HOLT DEVELOPMENT CO., LLC,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Nile Frase ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues HOLT DEVELOPMENT CO., LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## **JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

1

2. Venue is proper in this Court, the Middle District of Tennessee pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Middle District of Tennessee.

3. Plaintiff, Nile Frase (hereinafter referred to as "Frase") is a resident of Robertson County, Tennessee and is a qualified individual with a disability under the ADA. Frase suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has been diagnosed with multiple sclerosis as well as sequela of a stroke, resulting in partial paralysis, and which causes him to require a wheelchair for mobility and to have limitations in the use of his upper extremities. Prior to instituting the instant action, Frase visited the Defendant's premises at issue in this matter on multiple occasions, it being less than 4 miles from his home, and has been denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Frase continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, HOLT DEVELOPMENT CO., LLC, is a Tennessee limited liability company, registered to do business and actually doing business in Tennessee. Upon information and belief, HOLT DEVELOPMENT CO., LLC

(hereinafter referred to as "HDC") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: the Pleasant View Village Square Shopping Center located at the intersection of Centre Street and Village Square in Pleasant View, Tennessee (hereinafter referred to as the "Shopping Center").

5. All events giving rise to this lawsuit occurred in the Middle District of Tennessee.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned and/or operated by Defendant is a place of public accommodation in that it is a commercial shopping center operated by a private entity that provide goods and services as well as food and drink to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe

and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned and operated by Defendant. Prior to the filing of this lawsuit, Plaintiff visited the Shopping Center at issue in this lawsuit on multiple occasions and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that he personally encountered. In addition, Plaintiff continues to desire and intends to visit the Shopping Center, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Shopping Center in violation of the ADA. Frase has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Defendant is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R.

§36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    i. There are an insufficient number of accessible and van accessible parking spaces for the entire Village Square shopping center complex;

    ii. Some of the parking spaces with some indicia of accessibility lack an adjacent access aisle necessary for a wheelchair user (such as those nearest the Black Dog Spirits tenant space);

    iii. Some of the parking spaces with some indicia of accessibility lack raised signage to designated them as accessible (such as those nearest the Black Dog Spirits and Flytes Brew House tenant spaces);

    iv. The existing accessible parking spaces are not dispersed as necessary to provide accessible parking on the shortest accessible route to each of the existing tenant spaces;

    v. In the parking area behind the restaurants, there are four (4) accessible parking spaces that are not maintained as accessible as cars are routinely parked in the access aisles serving these parking spaces which would prevent a wheelchair user parked in these spaces from entering or exiting his or her vehicle

vi. In the parking area behind the restaurants, the signs designated accessible parking spaces are mounted too to be seen over parked cars;

vii. There is no accessible parking in the on-street parking that is striped in front of the restaurants and businesses, which are the closest parking areas to these tenant spaces;

viii. In the parking area behind the restaurants, there are four accessible parking spaces where the signage is too low and the access aisles are blocked where other vehicles are routinely parked;

ix. A portion of the sidewalk in front of Flytes Brew House has a slope to great with no handrails necessary for a wheelchair user;

x. In all of the outdoor dining areas at tenant spaces offering outdoor dining, there are no wheelchair accessible tables with sufficient knee and toe clearance for a wheelchair user;

xi. In the Guadalajara Mexican Restaurant tenant space, the Men's toilet room has the following barriers to access to a wheelchair user:

a. The entry door requires excessive force to open;

b. The entry door has knob-type door hardware that requires tight grasping and twisting of the wrist to operate;

6

  c. The hot water and drain pipes at the lavatory are not insulated;

  d. The flush valve on the water closet is located on the closed side of the water closet area, out of reach of a wheelchair user;

  e. The rear grab bar at the water closet is too short;

  f. There is insufficient clear floor space for a wheelchair user to make a side transfer onto the water closet;

  g. The paper towel dispenser is too high and out of reach of a wheelchair user.

12. There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by Defendant that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§36.304 and 36.401, Defendant was required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities. To date, Defendant has

failed to comply with this mandate.

15. Defendant has failed to maintain their accessible features as required by 28 CFR §36.211 and lack sufficient policies and procedures necessary to avoid ongoing discrimination resulting from such ongoing failures

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to

evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 14th day of March, 2024.

Respectfully submitted,

By: */s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
edwardzwilling@zwillinglaw.com

/s/ *David W. Garrison*
David W. Garrison (Tenn Bar No.: 24968)
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com

9